John Gomez, Esq. (SBN# 171485)
Brian R. Mason, Esq. (SBN #257420)
N. Jessica Lujan, Esq. (SBN: 312394)
Lara Deitz, Esq. (SBN #328302)
**GOMEZ TRIAL ATTORNEYS**
755 Front Street
San Diego, California 92101
Tel: (619) 237-3490 / Fax: (619) 237-3496
E-Service: _Teammason@thegomezfirm.com_

David K. Demergian, Esq. (SBN #95008)
DEMERGIAN LAW
501 West Broadway, Suite 800
San Diego, Ca.  92101

Attorneys for Plaintiff CECILIA BACH

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA BACK, individually and as Successor in Interest to the ESTATE OF KEITH BACH;<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SAN DIEGO, CITY OF CHULA VISTA, KELLY A. MARTINEZ, in her individual capacity, RICH WILLIAMS, in his individual capacity; NAPHCARE, INC.; DR. JON MONTGOMERY, D.O; and DOES 1 to 100, inclusive,<br><br>　　　Defendants. | **Case No.:** '24CV1687 W    BJC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Deliberate Indifference to Serious Medical Needs 42 U.S.C. §1983<br>2. Wrongful Death 42 U.S.C. §1983<br>3. Right of Association 42 U.S.C. §1983<br>4. Failure to Properly Train and Supervise 42 U.S.C. §1983<br>5. _Monell_ Municipal Liability 42 U.S.C. §1983<br>6. Failure to Summon Medical Care Cal. Gov Code §845.6<br>7. Wrongful Death & Survival Action CCP §§ 377.30, 377.60 _et seq._<br>8. Negligence<br>9. Bane Act Cal. Civ. Code §52.1 |

COME NOW, CECILIA BACH, individually and on behalf of the Estate of KEITH BACH hereby allege as follows:

## INTRODUCTION

1.     Plaintiff CECILIA BACH individually, and in her capacities as successor-in-interest to the Estate of KEITH BACH (hereinafter "Plaintiff") sues to seek justice and recover damages arising from the wrongful death of her husband, Keith Bach (hereinafter "Keith") while he was in the custody and care of the County at the San Diego Central Jail (hereinafter "SDCJ").

## JURISDICTION AND VENUE

2.     Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C §1331, 28 U.S.C §1343(a)(3) and (4), and 42 U.S.C §1983.

3.     Venue is proper in the Southern District of California because the acts or omissions which form the basis of Plaintiff's claims occurred in San Diego, California within the Southern District.

4.     At all times relevant to this complaint, decedent Keith Bach was an individual residing in San Diego County, California.

5.     Cecilia Bach is decedent's family member, heir, and beneficiary of the Estate of Keith Bach.

6.     Cecilia Bach is decedent's wife.

7.     On March 22, 2024, Plaintiff served a timely claim against the County of San Diego. The County of San Diego never responded to the claim.

8.     On March 25, 2024, Plaintiff served a timely claim against the City of Chula Vista. The City of Chula Vista never responded to the claim.

9.     Plaintiff will comply with Code of Civil Procedure §364, proving a notice of intent to sue for medical negligence to NaphCare and Plaintiff will amend her complaint

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

GOMEZ TRIAL
ATTORNEYS

to plead tort claims of medical malpractice against NaphCare after the 90 day notice period has expired.

10.    Defendant County of San Diego (hereinafter "County") is a public entity, duly organized and existing under the laws of the State of California. Under its authority, Defendant County of San Diego operates and manages the San Diego Central Jail, and is, and was at all relevant times mentioned herein, responsible for the actions and/or inactions and the policies, procedures and practices/customs of the Central Jail, and its respective employees, contractors and/or agents.

11.    Defendant City of Chula Vista (hereinafter "City") is a public entity, duly organized and existing under the laws of the State of California. City police officers were responsible for the arrest and transportation of Keith to SDCJ.

12.    Defendant Kelly A. Martinez (hereinafter "Martinez") is, at all relevant times, the Sheriff of the County of San Diego. As Sheriff, Martinez is the final policymaker for the Sheriff's Department and for the County on matters relating to the Sheriff's Department, the Central Jail, its deputies, employees, and agents. Martinez is also responsible for screening, training, retention, supervision, discipline, counseling, and control of all San Diego County Sheriff's Department custodial employees and/or agents, medical staff, contractors and Doe Defendants.

13.    Defendant Rich Williams (hereinafter "Williams") was the Undersheriff for the San Diego County Sheriff's Department prior to and at the time of Keith's death. In his capacity as Undersheriff, he assisted in policymaking decisions for the Sheriff's Department, SDCJ, its deputies, employees, and agents. He was also responsible for training and supervising County employees and agents.

14.    On information and belief, Defendant Dr. Jon Montgomery, DO (hereinafter "Montgomery") was, at all relevant, the Chief Medical Officer for the Sheriff's Department and was responsible for overseeing the Medical Services Division at the SDCJ. He was responsible for and oversaw the development and implementation of quality assurance and utilization review policies and procedures. All medical and

psychiatric doctors and staff at SDCJ worked under Dr. Montgomery's direction. He is sued in his individual capacity for his failure to properly oversee Keith's care and failure to supervise other medical staff in caring for Keith.

15.     On information and belief, Defendant NAPHCARE, INC. (hereinafter "Naphcare") was a third-party contractor providing medical services to the San Diego County Sheriff's Department and employed, supervised, and/or trained Defendant Does.

16.     At all times relevant to this complaint, all individual defendants and Defendant Does were San Diego Sheriff deputies or medical personnel and agents of Defendant County of San Diego; and/or agents or contractors authorized to work at the San Diego Central Jail.

17.     San Diego Central Jail is owned and operated by County of San Diego and staffed by County of San Diego County employees, agents, and contractors.

18.     Plaintiff is truly ignorant of the true names and capacities of Does 1 through 100, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## FACTUAL ALLEGATIONS

### A. Circumstances Surrounding Keith Bach's Death in San Diego Central Jail Custody

19.     PLAINTIFF repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

20.     At the time of his death, Keith was 63 years old and a 20-year veteran of the United States Military.

21.     Keith was married to Plaintiff Cecilia at the time of his death.

22.     Keith was diabetic and managed his diabetes with a MiniMed continuous glucose monitor in combination with a MiniMed insulin pump to administer fast-acting insulin.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

23.     On September 25, 2023, Keith was arrested by Chula Vista Police Department and booked in SDCJ located at 1173 Front Street San Diego, CA 92101. No charges were ever filed by the District Attorney's office related to the arrest.

24.     Due to his medical condition, Keith was taken to Scripps Mercy Hospital Chula Vista for medical clearance prior to being booked into SDCJ.

25.     Pursuant to the medical records, Keith had elevated glucose levels, and his insulin pump was beeping, indicating it needed to be refilled.

26.     Doctors noted under "Medical Decision Making" that Keith's insulin pump needed to be refilled.

27.     During the booking process,  Keith experienced a syncopal episode and was transported by ambulance back to Scripps Mercy Hospital Emergency Department.

28.     Keith was admitted to Scripps Mercy Hospital Emergency Department on September 25, 2023, at 10:40 p.m.

29.     Keith was discharged from Scripps Mercy Hospital Emergency Department on September 26, 2023, at 2:04 a.m.

30.     It was well documented in Keith's medical records that he had type 1 diabetes mellitus and used both a glucose monitor and insulin pump.

31.     On September 26, 2023, at 4:00 a.m., Keith notified the nurse practitioner who performed his initial intake assessment that his insulin pump would be depleted of insulin in approximately 28 hours.

32.     Later that day at 12:00 p.m., Keith was evaluated by a second nurse practitioner who placed an order for 10 units of insulin, three times a day.

33.     Between 1:00 p.m. and 10:00 p.m. on September 26, 2023, Keith was cooperative with medical staff, and he received 10 units of insulin at 4:43 p.m.

34.     On September 27, 2023, at 1:17 a.m., Keith's blood glucose level was 322 mg/dL. As a result, Keith requested to receive 20 units of insulin.

35.     Keith was eventually administered 10 units of insulin at 1:51 a.m. This was the last documented insulin administration.

GOMEZ TRIAL
ATTORNEYS

36.     On September 27, 2023, from 2:00 a.m. to 9:00 p.m., Keith was not seen by medical staff.

37.     Keith asked several deputies on numerous occasions for insulin and his requests went ignored. Other inmates also attempted to assist Keith in requesting insulin. Inmates pointed out to deputies that Keith's insulin pump was beeping and that his pump was empty.

38.     During mealtimes, Keith gave his good to fellow inmates because he did not want to eat if he did not have access to insulin.

39.     On September 28, 2023, at 03:38 a.m., deputies discovered Keith unresponsive in his cell. Keith's glucose level was measured, and the meter read "HI" meaning his glucose levels were greater than 500 ml/dL.

40.     During this time period, Keith's wife Cecilia was receiving notifications of the insulin pump being empty. She was frantically going to the jail trying to bring more insulin to Kieth but was told he would be taken care of by the jail's medical staff and deputies.

41.     Keith was not taken of. Keith was ignored for 19 hours. Keith died on September 28, 2023, while in the custody of County and SDCJ.

42.     An autopsy was performed on September 29, 2023, but the medical examiner's report was not released until September 18, 2024.

43.     A vitreous chemistry panel revealed elevated glucose level of 663 mg/dL and elevated VUN of 53 mg/dL.

44.     The autopsy revealed subnuclear vacuoles in the kidney tubules, which is consistent with diabetic ketoacidosis.

45.     Toxicology testing was negative for alcohol and common drugs of abuse.

46.     The Deputy Medical Examiner Concluded:

> Based on the autopsy findings and the circumstances surrounding the death, as currently understood, the cause of death is diabetic ketoacidosis due to type 1 diabetes mellitus with hypertensive and

GOMEZ TRIAL ATTORNEYS

atherosclerotic cardiovascular disease as a contributing condition. Review of outpatient medical records clearly indicates that Mr. Bach had demonstrable knowledge in managing his diabetes; however, as an inmate, he became reliant on the medical services provided by the jail for continued management of his condition. Following insufficient insulin administration while in custody, Mr. Bach developed diabetic ketoacidosis and died. This occurred despite medical records containing documentation of his medical condition, insulin requirements, when his pump would be depleted of insulin, and multiple unanswered requests for insulin by Mr. Bach and fellow inmates. The death is due to complications of a natural disease. However considering the *inaction* (i.e., neglect) characterizing the events leading to inadequate care while incarcerated of Mr. Bach's health conditions and ultimately his death, the manner of death is classified as **homicide.**

47.     Pursuant to the Medical Examiner's report date , Keith's "Cause of Death" was Diabetic Ketoacidosis, and the "Manner of Death" was **Homicide**.

48.     Keith's basic care needs and medical needs were severely neglected by deputies and other staff, despite obvious signs that he needed urgent and immediate care. Said conduct resulted in Keith's death, which has been classified as a homicide.

**B. San Diego County Has a Long History of Deliberate Indifference to Detainees' and Inmates' Constitutional Rights**

49.     Pursuant to Federal Law, the County has a responsibility to provide adequate medical care for individuals while they are in its custody.

50.     Between 2006 and 2020, a total of 185 people died in San Diego County jails.

51.     In 2021, the County reached a record high of 18 deaths in San Diego County jails—a rate higher than any other large county across the state.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

GOMEZ TRIAL
ATTORNEYS

52.     In 2023, 13 people died in San Diego County jails.

53.     The number of deaths is a clear representation of the systemic issues within the San Diego County Sheriff's department.

54.     The California State Auditor completed an audit of the San Diego County Sheriff's Department in February 2022, and its report shed light on the deficiencies within the County. [1]

55.     The Auditor found the following deficiencies:

    a.  Insufficient health evaluations at intake

    b.  Inconsistent follow-up care

    c.  Inadequate safety checks

    d.  Unnecessary delays in performing lifesaving measures

    e.  Deficiencies in medical and mental health care system

56.     The audit was conducted to determine the reasons for in-custody deaths of incarcerated individuals within County jails.

57.     Acting California State Auditor, Michael S. Tilden, CPA, concluded that the Sheriff's Department failed to adequately prevent and respond to the deaths of individuals in its custody.

58.     The auditor also noted that every death of an individual should require a thorough review to determine whether changes to its policies and procedures are warranted and the County's current review of deaths is insufficient.

59.     The San Diego Citizens' Law Enforcement Review Board (hereinafter "CLERB") reviewed the data representing in-custody deaths in San Diego County jails over the past 10 years, and the results were released in April 2022.

60.     CLERB concluded, in pertinent part:

    a.  Residents of San Diego County are no more likely to due than residents of other California counties;

[1] Plaintiff incorporates herein by reference the State Auditor's report: https://information.auditor.ca.gov/pdfs/reports/2021-109.pdf

      b.  San Diego jails have the highest number of unexplained deaths compared with all other California counties when controlling for jail population;

      c.  The risk of overdose/accidental deaths is the greatest in San Diego jails;

      d.  Elevated risk of death appears to be isolated to the unsentenced jail population.

61. At the time of Keith's death, the County had longstanding policies and practices including but not limited to:

      a.  Failing to properly house individuals to ensure their safety and well being;

      b.  Leaving individuals unattended in their cells for extended periods despite signs of medical or mental distress;

      c.  Failing to summon medical or mental health care when obviously necessary;

      d.  Failing to coordinate, share, or update internal information systems with critical medical or mental health information

      e.  Failing to adequately staff the medical services division.

62. Based on information and belief, the County and SDCJ has a history of insufficient insulin administration to inmates while in custody.

63. Numerous complaints have been made by inmates, family members of inmates, community members, and the County's own staff regarding medical neglect, staff misconduct, injuries in custody, and deaths in custody.

64. The County has repeatedly failed to investigate incidents of deaths in jail, medical neglect, in custody injuries, and staff misconduct, despite the numerous complaints. The County has further failed to take any meaningful action to review the in-custody deaths and/or prevent future in-custody deaths.

65. The Sheriff's Department's internal entity tasked with reviewing critical incidents is the "Critical Incident Review Board." The Review Board's responsibility is to improve the health and welfare of incarcerated individuals, yet they have failed to precisely do so.

GOMEZ TRIAL
ATTORNEYS

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## Deliberate Indifference to Serious Medical Needs (42 U.S.C §1983)

### *(By Plaintiff Against Defendant County, NaphCare, and Does 1-100)*

66.     Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

67.     Plaintiff is informed and believes that Defendants violated Keith's Fourteenth Amendment right to medical care. The Due Process Clause of the Fourteenth Amendment imposes an affirmative duty on the government to provide medical care to individuals in its custody.

68.     Defendant County was acting under color of state law because its employees and agents were acting or purporting to act in the performance of their official duties as deputies and employees of the County.

69.     Defendant NaphCare is vicariously liable for the conduct of their employees, agents, and contractors because they were acting within the scope of their employment. They are also liable for their failure to train their employees, agents, and contractors.

70.     Defendants ignored obvious signs Keith was in medical distress.

71.     Defendants ignored Keith when he was begging for medical attention and for insulin to be administers. Defendants even ignored Keith's fellow cellmates asking for Keith to be given medical attention.

72.     Defendants ignored Keith's beeping insulin pump monitor, indicating insulin levels were low.

73.     Defendants were deliberately indifferent to Keith's known and serious medical needs, which caused him harm and death.   Keith's medical records made his medical condition clearly apparent and that he relied on both a glucose monitor and insulin pump.

74.     By Defendants' failing to properly treat Keith's serious medical condition, Defendants were deliberately indifferent to Keith's serious medical needs.

GOMEZ TRIAL
ATTORNEYS

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

75.     As a direct consequence of these actions or inactions, Keith's serious medical condition was ignored by Defendants.

76.     As a direct and proximate result of Defendants' deliberate indifference to Keith's serious medical needs, Keith experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life, and other damages alleged herein.

77.     The conduct alleged herein caused Keith to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Keith to suffer emotional distress, pain and suffering, death, and further damages according to proof at the time of trial.

78.     The conduct alleged herein was done in deliberate or reckless disregard of Keith's constitutionally protected right. The alleged conduct justifies the award of exemplary damages against Defendants in an amount according to proof at the time of trial to deter Defendants from engaging in similar conduct in the future and/or to make an example of Defendants by way of monetary punishment.

## SECOND CAUSE OF ACTION

### Wrongful Death (42 U.S.C. §1983)

### *(By Plaintiff Against All Defendants and Does 1-100)*

79.     Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

80.     Defendants committed wrongful acts which proximately caused the death of Keith. Defendants were deliberately indifferent to Keith's serious medical needs, health, and safety. Defendants violated Keith's civil rights, causing his untimely and wrongful death.

81.     Defendants saw and heard that Keith was in medical distress yet ignored his symptoms and failed to render aid, call a doctor, or transport him to the hospital.

82.     Defendants knew Keith was diabetic and dependent on insulin and they ignored his cries for help and obvious symptoms and failed to render medical help.

83.     Defendants' wrongful acts were done with a deliberate indifference to the health, safety, and welfare of Keith.

84.     Defendant's failure to render critical and necessary medical care proximately caused Keith's pre-death pain and suffering, and his death. Without medical care, it was foreseeable Keith would die.

85.     Plaintiff seeks general and special damages according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**Right of Association (42 U.S.C. §1983)**

***(By Plaintiff Against All Defendants and Does 1-100)***

86.     Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

87.     Defendants deprived Keith of his rights under the United States Constitution to be free from denial of medical care and denial of due process.

88.     Defendants acts and/or omissions of deliberate indifference to Keith's serious medical needs, health, and safety, which led to his untimely death violated Keith's civil rights and deprived Plaintiff Cecilia of her liberty interests in the family relationship in violation of her substantive due process rights afforded to her under the First and Fourteenth Amendment to the United States Constitution.

89.     There was no legitimate penological interest in failing to communicate critical medical information and denying access to medical care to an inmate in severe and obvious medical distress. Defendants' actions shock the conscience.

90.     The deprivation of the rights alleged above has destroyed the Constitutional rights of Keith's family. Cecilia has been deprived of her rights to companionship and society with her husband, Keith.

91.     Defendants' deliberate indifference was an actual and proximate cause of Plaintiffs' economic and non-economic damages including funeral expenses, loss of love,

companionship, society, comfort, care, assistance, protection, and moral support. Plaintiff seeks compensatory damages.

92.      Plaintiff also seeks punitive damages on the grounds that Defendants acted with deliberate and reckless disregard of Keith's constitutional rights.

## **FOURTH CAUSE OF ACTION**

### **Failure to Properly Train and Supervise (42 U.S.C. § 1983)**

### ***(By Plaintiff Against All Defendants and Does 1-100)***

93.      Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

94.      Defendants failed to properly train and supervise Doe deputies and medical staff in the performance of their duties.

95.      Defendants failed to properly train their subordinates on how to deal with inmates in medical distress.

96.      Defendants failed to properly train their employees with regard to the need to communicate critical medical information to each other.

97.      Defendants failed to properly train their employees with regard to the treatment of diabetes.

98.      Defendant Martinez, Williams, Montgomery, and Does, had a non-delegable duty to ensure that all contract employees were properly trained to meet the needs of their patients.

99.      Defendant Martinez knew that her deputies were consistently failing to conduct their duties, leading to numerous deaths and serious injuries. Despite this knowledge, Defendant Martinez failed to train her staff.

100.      As a result of Defendants' failures to properly train their subordinates, Keith's diabetes and insulin levels were not properly monitored, and his medical condition was not properly treated. Keith's death was a foreseeable consequence of Defendants' failures.

101.    Officials of the San Diego Sheriff's Department, acting under color of law, have subjected Keith and other persons similarly situated to a pattern of conduct consisting of continuing, widespread and persistent pattern of unconstitutional misconduct.

102.    Defendants have failed to maintain adequate and proper training necessary to educate deputies and medical staff as to the Constitutional rights of inmates and to prevent consistent and systemic failure to provide medical care.

103.    Defendants have failed to maintain adequate and proper training necessary to educate deputies and medical staff as to the need to monitor patients exhibiting symptoms of serious medical conditions.

104.    Despite numerous and repeated Constitutional violations, Defendants failed to train doctors, nurses, and other staff on the necessary coordination of care of inmates suffering from serious medical conditions. They have also failed to implement policies and procedures with respect to proper training on these matters.

105.    Defendants failed to train medical doctors and nurses on the necessary care of inmates suffering from serious medical conditions. They have also failed to implement policies and procedures with respect to communicating such sensitive and critical information to ensure that inmates are cared for.

106.    Despite specific knowledge that critical medical information was not being communicated from the medical staff to sworn staff, Defendants took no action.

107.    Despite Defendants' knowledge of previous instances of wrongful deaths in Central Jail as a result of their failure to communicate critical medical conditions, Defendants continued to fail to properly train their deputies and medical staff to prevent deaths of inmates.

108.    The failure of all supervisory defendants to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Keith Bach and others in a similarly situated position.

109.    As a result, Keith suffered both physically and mentally and eventually died.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

GOMEZ TRIAL
ATTORNEYS

110.     As a direct consequence of Defendants' failure to properly train their officers and medical staff, Keith Bach suffered unconstitutional treatment during his detention.

111.     All Defendants failed to properly supervise their subordinates with regard to the need to communicate critical medical information and the need to provide adequate care

112.     Defendants failed to provide adequate supervision and discipline to the medical staff who are required to render medical care that meet the standards of the Constitution.

113.     Defendants failed to enforce adequate policies and procedures related to misconduct and the violation of citizens' civil rights by correctional officers and medical staff.

114.     Supervising officers were made aware of the misconduct or witnessed the Constitutional violations committed by the deputies and medical staff, yet failed to supervise them.

115.     As a result of Defendants' failure to properly supervise deputies and medical staff, Defendants were deliberately indifferent to the needs of Keith Bach and the driving force behind the resulting pain, suffering, and death of Keith Bach.

## FIFTH CAUSE OF ACTION

### *Monell* **Municipal Liability Civil Rights Action (42 U.S.C. §1983)**

### *(By Plaintiff Against Defendants County of San Diego and NaphCare)*

116.     Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

117.     There are systemic deficiencies in San Diego County's treatment of inmates. These deficiencies include and are not limited to failure to render medical care, improper cell checks, improper housing assignments, inadequate medical staffing, lack of required training on screening, lack of communication of necessary and critical medical information among staff, and non-compliant policies and procedures.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

GOMEZ TRIAL
ATTORNEYS

118.    The County's and NaphCare's failure to train its deputies and medical staff on treatment of inmates in medical distress gives inference of a municipal custom that authorized or condoned deputy misconduct.

119.    Defendants were deliberately indifferent to the right of Keith to be free from, and protected from, harm by the misconduct of its employees.

120.    The Sheriff's Department's longstanding practice or custom was unconstitutional in that it was deliberately indifferent to a substantial risk of serious harm to inmates.

121.    As a direct result of the practice and custom of the County and NaphCare, and Defendants ignored Keith's begs for medical aid, denied medical care to Keith, causing Keith's death.

122.    The government has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). Further, the government's obligation to provide adequate medical care is non-delegable, as set forth in the Supreme Court's decision in *West v. Atkins,* 487 U.S. 42 (1988). In *West*, the Court determined that '[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." 487 U.S. at 56 (holding that where the State delegated provision of inmate medical care to a private physician, the physician acted under color of state law, and actions of the physician could be attributed to the State.)

123.    Both Defendant County and NaphCare are responsible for the unconstitutional conduct of the individual private care providers.

124.    The unlawful and illegal conduct of Defendant deprived Keith of the rights, privileges and immunities secured to her by the Constitutions of the United States.

125.    As a direct, proximate, and foreseeable result, Plaintiff suffered damages in an amount according to proof at the time of trial.

GOMEZ TRIAL
ATTORNEYS

## SIXTH CAUSE OF ACTION

### Failure to Summon Medical Care Cal. Gov. Code §845.6

### *(By Plaintiff Against Defendant County, Martinez, Williams, Montgomery, NaphCare, and Does 1-100)*

126.   Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

127.   Plaintiff asserts this claim as successor-in-interest pursuant to Cal. Civ. Proc. §377.30.

128.   Defendant County is liable because while acting within the scope of employment, Defendant Martinez, Williams, Montgomery, Defendant Does:

a.   Knew or had reason to know that Keith required medical care;

b.   Knew or had reason to know that Keith's need for medical care was immediate; and

c.   Failed to take reasonable action to summon medical care.

129.   Keith required prompt medical attention from Defendants. Defendants failed to discharge the duty imposed upon them by Cal. Gov. Code §845.6.

130.   Defendant Martinez, Williams, and Montgomery are liable for Defendant Does' failure to summon medical care and due to their negligent supervision and training of employees regarding when to summon medical care.

131.   Defendant NaphCare is vicariously liable for the conduct of their employees, agents, and contractors who were acting within the scope of their employment and failed to summon medical care.

132.   Defendant County is liable for their employee's breach of duty to summon medical care while acting within the course and scope of their employment.

133.   Defendants' conduct was an actual and proximate cause of Keith's pain, suffering, and death, which were a direct and foreseeable result of Defendants' conduct.

134.   Plaintiff seeks compensatory damages for Keith's pain and suffering prior to his death, as well as damages for his death.

### SEVENTH CAUSE OF ACTION

**Wrongful Death & Survival Action CCP §§ 377.30, 377.60 *et seq.***

***(By Plaintiff Against All Defendants and Does 1-100)***

135.    Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

136.    Plaintiffs allege all California state law claims as basis for state law wrongful death cause of action and incorporate later torts by reference.

137.    Plaintiff, as Keith's wife, has standing to assert a claim for wrongful death pursuant to CCP §377.60.

138.    California Government Code §845.6 creates an affirmative duty for jail officials to "furnish or obtain medical care for a prisoner in his custody." Keith required prompt medical attention from Defendants. Defendants had actual or constructive knowledge of Keith's need for prompt medical attention and deliberately chose not to furnish care. Defendants failed to discharge the duty imposed upon them by the California Government Code.

139.    As alleged above, Defendants violated Gov. Code §845.6, which constitutes "wrongful acts" within the meaning of §377.60.

140.    As alleged above, Defendants violated 42 U.S.C. § 1983 by showing a deliberate indifference to Keith's medical needs.

141.    Defendants' decision to deviate from the County' own protocol as to medical care of inmates was a substantial factor in causing Keith's death. It was reasonably foreseeable that failure to properly treat Keith, when he was calling out for help, his insulin pump was beeping, and it was well documented that he was diabetic caused his death.

142.    Defendants' conduct was a direct and proximate cause of Keith's pain, suffering, and death, which was a direct and foreseeable result of Defendants' conduct.

GOMEZ TRIAL ATTORNEYS

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

143.     Defendant County is liable for the conduct of the individual defendants who were acting within the scope of their employment with the County. See Cal. Gov. Code §§ 815.2, 845.6.

144.     Defendants NaphCare and Defendant Does are vicariously liable for the conduct of their employees, agents, and contractors who were acting within the course and scope of their employment.

145.     Plaintiff seeks economic and non-economic damages in an amount to be proven at trial, including compensatory damages which include, but are not limited to, any coroner's fees and funeral expenses, emotional distress, loss of love, companionship, comfort, care assistance, protection, affection, society, and moral support.

## NINETH CAUSE OF ACTION

### Negligence

### *(By Plaintiff Against All Defendants and Does 1-100)*

146.     Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

147.     Plaintiff alleges this claim as successor in interest.

148.     All Defendants had a duty to Keith Bach to act with ordinary care and prudence.

149.     Based on information and belief, Defendant Does improperly, negligently, wrongfully, and recklessly failed to document or communicate Keith's serious medical condition. They so negligently and carelessly examined, diagnosed, treated, failed to treat, and manage Keith's care so as to allow and cause the damages as alleged above. The negligence and carelessness of Defendant Does consist of their failure to use that degree of skill and care ordinarily used by healthcare professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances.

150.    Defendant Does improperly, negligently, wrongfully, and recklessly failed to take any action to monitor Keith despite his obvious symptoms of being in serious medical distress and his cries for help.

151.    Defendant Does improperly, negligently, wrongfully, and recklessly delayed and failed to summon medical care to Keith who was in obvious physical distress and in acute need of urgent medical care.

152.    Defendant Martinez, Williams, Montgomery and Does improperly, negligently, wrongfully, and recklessly failed to set forth policies regarding proper screening, evaluation, treatment, and transportation of inmates suffering from a serious medical condition to a hospital.

153.    Defendant Martinez, Williams, Montgomery, NaphCare, and Does improperly, negligently, wrongfully, and recklessly failed to ensure that all patients with diabetes receive a treatment plan, appropriate evaluation by a physician, and continuity of care.

154.    All Defendants violated Keith's constitutional rights pursuant to the Fourteenth Amendment as alleged above.

155.    The County and Naphcare are vicariously liable for the conduct of Defendant Does.

156.    Based on the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Keith.

157.    As a direct and proximate result of the Defendants' negligence, as herein described, Keith suffered physically and mentally in the amount to be determined at the time of trial.

158.    As a further proximate result of Defendants' negligence, Keith died.

159.    As a proximate result of Defendants' negligence, Plaintiff Cecilia lost her husband and suffered great emotional and mental harm in the amount to be determined at the time of trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

160.    Defendants' conduct also arises to oppression, fraud, or malice within the meaning of CCP § 3294 *et seq.* and punitive damages should be assessed against each Defendant for the purpose of punishment and to make an example.

## TENTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §52.1 (Bane Act)

#### *(By Plaintiff Against Defendant County, Martinez, NaphCare, and Does 1-100)*

161.    Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

162.    Plaintiff brings the claims in this cause of action as a survival claim pursuant to CCP § 377.20 and Plaintiff Cecilia asserts this claim as successor-in-interest pursuant to CCP § 377.30.

163.    As alleged above, Defendants acted, or failed to act, with deliberate indifference to the substantial risk to Keith's health and safety while he was in their custody and care. Defendants' due process violations are sufficient in and of themselves to constitute a violation of the Bane Act.

164.    As alleged above, Defendants knowingly deprived Keith of constitutionally protected rights through inherently coercive and threatening acts and omissions when based on information and belied, they failed to summon medical care, failed to provide Keith with adequate medical care, and failed to conduct adequate and timely safety checks.

165.    Defendants' deliberate indifference was an actual and proximate cause of Keith's pain, suffering, and death, which were a direct and foreseeable result of Defendants' actions and/or inactions.

166.    Pursuant to Cal. Gov. Code § 815.2, the County is vicariously liable for the actions and/or omissions of its employees and agents because they were acting within the scope of their employment.

GOMEZ TRIAL
ATTORNEYS

167.    Defendant NaphCare is vicariously responsible for the conduct of their employees, agents, and contractors because they were acting within the scope of their employment.

168.    Plaintiff seeks compensatory damages for the pain and suffering Keith was subjected to prior to his death. Plaintiff also seeks all statutory remedies available pursuant to CCP §§ 52 and 52.1, including civil penalties, treble damages, cost, and attorneys' fees. Plaintiff also seeks punitive damages against all individual Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1.    For general and special damages according to proof at the time of trial;

2.    For punitive and exemplary damages against all individual defendants;

3.    Civil penalties as provided by law;

4.    Attorney fees pursuant to Cal. Civil Code §52.1(b), Cal. Civil Code §52, and Welf & Inst. Code §15657;

5.    Damages, cost, interest, and reasonable attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988;

6.    All other damages, penalties, costs, and fees as allowed by Cal. Civ. Proc. §§§ 377.20, 377.60, 1021.5

7.    Costs;

8.    And for any other relief this Court deems just and proper.

DATED: September 20, 2024          **GOMEZ TRIAL ATTORNEYS**

BRIAN R. MASON, ESQ.
LARA DEITZ, ESQ.
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury in this matter.

DATED: September 20, 2024         **GOMEZ TRIAL ATTORNEYS**

BRIAN R. MASON, ESQ.
LARA DEITZ, ESQ.
Attorneys for Plaintiff